# Dr. Sweet Root Beer, Inc., v. Kittanning Brewing Company, Appellant.

*Sales—Terms of sale—Evidence—Case for jury.*

In an action of assumpsit on a book account, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue was one of fact as to whether or not the goods had been actually sold or merely forwarded on consignment.

In such case it was proper to allow the plaintiff to offer in evidence the plaintiff's statement and affidavit of defense in reply thereto, to show that a certain item on the book account had been paid. The elimination of this item clarified the issue and brought the matter down to what was the real point of the case.

An offer to have a witness testify to a conversation with the general manager of the plaintiff was properly excluded, where there was proof that the latter was not present during the whole of the interview.

Argued April 16, 1924. Appeal, No. 137, April T., 1924, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1921, No. 5, on verdict for plaintiff in the case of Dr. Sweet Root Beer, Inc., v. The Kittanning Brewing Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on book account. Before KING, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,500 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*Ward McCullough,* and with him *H. A. Heilman,* for appellant.

*Harry C. Golden,* for appellee.

OPINION BY TREXLER, J., July 2, 1924:

The plaintiff declared on a book account. A statement of the items included some former transactions between the parties not involved in the present controversy. The only dispute was as to a shipment of syrup on June 30, 1920, consisting of 237 gallons and as to this the only question was whether it was an outright sale or a consignment. This question was left to the jury in an ample charge. Appellant claims that the court should not have allowed plaintiff to offer the statement and affidavit of defense to show that an item of July 24, 1919, had been fully paid. We cannot see how the defendant was harmed by the admission of this proof. The elimination of this item clarified the issue and brought the matter down to what was the real point in the case. It was admitted by both parties that this item had been paid.

The only remaining assignment that requires notice is the refusal of the court of the offer to have the president of the defendant company testify to a conversation that he had with Mr. Hudson, assistant manager of the plaintiff company, the purpose of it being to bind Mr. Schriber, general manager, to the terms agreed upon in such conversation. This was properly rejected, because the proof was that Mr. Schriber was in the next room and heard only part of the conversation. Mr. Luker did thereafter testify as to what Mr. Schriber had told him after Mr. Luker's conversation with Mr. Hudson and the defendant thus developed what, if believed, would have proved its case, viz: that the car was consigned to the defendant and not sold outright. The jury, however, did not take that view. We cannot find anything in any

of the assignments of error that would justify a reversal, they are all overruled and the judgment is affirmed.